# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50955
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2015

Lyle W. Cayce
Clerk

DANIEL COBBLE,

Petitioner−Appellant,

versus

THE BROWN SCHOOL, a Private Mental Institution;
CITY OF SAN MARCOS TEXAS,

Respondents−Appellees.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:14-CV-689

Before SMITH, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Daniel Cobble, Georgia prisoner # 758572, moves to proceed *in forma pauperis* ("IFP") on appeal of the dismissal, without prejudice, of his 28 U.S.C. § 2241 petition. The district court denied his motion to proceed IFP on appeal,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certifying that the appeal was not taken in good faith. By moving in this court for IFP status, Cobble is challenging that certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The district court sitting in the Western District of Texas determined that it lacked jurisdiction over Cobble's petition because he was not in custody in Texas. A petitioner must be in custody as defined in § 2241(c)(3) in order to seek relief under § 2241. *See Braden v. 30th Judicial Cir. Ct. of Ky.,* 410 U.S. 484, 488 (1973). He is in custody if he attacks his current confinement or, under certain circumstances, a potential future confinement. *Id.* at 488−89 & n.4. Cobble, though, is not currently confined in Texas, nor does he allege that Texas is attempting to confine him in the future. Accordingly, there is no arguable issue that he is in custody for purposes of raising claims challenging confinement in Texas. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Because Cobble is not in custody in Texas, he cannot obtain the relief he seeks under § 2241. The appeal is without arguable merit and thus is frivolous. The motion to proceed IFP is DENIED, *see Howard*, 707 F.2d at 219−20, and the appeal is DISMISSED, *see Baugh,* 117 F.3d 197, 202 n.24; 5TH CIR. R. 42.2. Cobble's motion for bond pending appeal is DENIED.